In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3970

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAJUAN KEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 CR 726 — **Virginia M. Kendall**, *Judge.*

ARGUED FEBRUARY 6, 2018 — DECIDED MAY 14, 2018

Before WOOD, *Chief Judge*, and KANNE and HAMILTON, *Circuit Judges*.

KANNE, *Circuit Judge*. DaJuan Key was convicted by a jury of trafficking a minor across state lines with the intent that the minor engage in prostitution. On appeal, he argues the district court should have suppressed evidence allegedly seized in violation of the Fourth Amendment. He also claims the district court erred when instructing the jury. We conclude that

no error occurred, and therefore affirm the judgment of the district court.

## I.   BACKGROUND*

On September 10, 2013, the Romeoville Police Department received a call from a Wisconsin mother. The mother told the officer that her 15-year-old daughter (referred to as April) left Wisconsin with an unknown man and called her from a motel crying and saying she wanted to come home. The Department promptly sent officers to the motel, which the officers knew had a reputation for prostitution and drug problems. Upon arrival at the motel, the officers searched the parking lot for vehicles with Wisconsin license plates and found only one—a rental vehicle. The officers entered the lobby of the motel, and a clerk informed them that there was one guest from Wisconsin. The clerk showed the officers a photocopy of that guest's identification.

The officers proceeded to the room registered to that guest. When they arrived, the door was propped open. The officers knocked and Key—who matched the identification provided by the clerk—answered. The officers asked Key about the missing 15-year-old female from Wisconsin. Key did not deny knowing her, but said she had gone to a nearby restaurant. The officers then asked if they could check the room for the girl; Key consented.

Inside the room, the officers saw a tablet on the dresser open to the website backpage.com, which they knew to be

---

* These facts are taken from district court's memorandum opinions and orders denying the defendant's motion to suppress. (R. 99; R. 140.) Neither party argues the district court made any erroneous factual findings in the opinion.

commonly used to post prostitution advertisements. They also noticed a large number of prepaid credit cards, used and unused condoms, and multiple cellphones. Dache Crayton, another young woman, was also in the room. When asked for her identification, she said it was in the car. An officer then escorted Crayton to the car, where Crayton told the officer that she and April were prostituting and that Key was their pimp. The officer and Crayton then walked to the nearby restaurant where they found April. Key was taken into custody. Following the arrest, the officers seized the tablet, prepaid credit cards, cellphones, and other evidence from the motel room. They also searched for and seized evidence from Key's car.

Key moved to suppress the evidence discovered in the motel room and in the car. Initially, the district court denied the motion to suppress evidence recovered from the car and granted in part the motion to suppress evidence recovered from the motel room. Upon reconsideration, the district court denied in whole the motion to suppress evidence discovered in the motel room.

At trial, the defense solicited testimony tending to show that April was in control of her own actions the entire time. The district court instructed the jury that voluntary participation by the victim was not a defense to the charged crime.

The jury returned a guilty verdict. Key filed a post-trial motion for acquittal or alternatively a motion for a new trial alleging that the district court committed various errors, including denying his motion to suppress the evidence seized from his motel room and instructing the jury that consent is not a defense. The district court denied the motions, and Key appeals.

## II.   ANALYSIS

On appeal, Key continues to argue the district court erred when it denied his motion to suppress the evidence found in the motel room and when it instructed the jury. When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and issues of law *de novo*. *United States v. Schmidt*, 700 F.3d 934, 937 (7th Cir. 2012). We also review *de novo* whether a jury instruction fairly and accurately summarizes the law, and we review the district court's decision to give a particular instruction for abuse of discretion. *United States v. Carter*, 695 F.3d 690, 694 (7th Cir. 2012).

*A. The district court did not err when it denied Key's motion to suppress.*

Generally, a warrantless search within a home violates the Fourth Amendment, even when law enforcement has probable cause to believe that a felony has been committed by the occupant. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Payton v. New York*, 445 U.S. 573, 586 (1980). For Fourth Amendment purposes, a motel room is given the same level of privacy protection as a person's home. *Stoner v. California*, 376 U.S. 483, 490 (1964). The officers in this case did not have a warrant to search Key's motel room.

They did, however, have his permission. The officers asked if they could check the room for the missing 15-year-old and Key said yes. Thus, the officers had a right to search the room, but only so far as was necessary to see if a 15-year-old female was in the space. *United States v. Breit*, 429 F.3d 725, 730 (7th Cir. 2005) ("As this court has recognized, '[g]overn-

ment agents may not obtain consent to search on the representation that they intend to look for only certain specified items and subsequently use that consent as a license to conduct a general exploratory search.'" (alteration in original) (quoting *United States v. Dichiarinte*, 445 F.2d 126, 129 (7th Cir. 1971))). While conducting that search, the officers could seize materials in their plain view, so long as the incriminating nature of the material was immediately apparent. *Horton v. California*, 496 U.S. 128, 136 (1990); *United States v. Raney*, 342 F.3d 551, 558–59 (7th Cir. 2003).

Key contends that the officers exceeded the scope of his permission, because the search for a 15-year-old would not naturally entail looking at tablets, telephones, or other handheld items. These items, however, were in the plain view of the officers and, in their testimony, the officers explained how the incriminating nature of each of the items was immediately apparent to them.

The officers testified that the tablet was open to backpage.com, a website well known for hosting prostitution advertisements. Multiple cell phones, prepaid credit cards, and condoms are all things typically used for prostitution. The officers also testified that the motel was known to them to be one used frequently for prostitution and that rental cars are often used in prostitution and drug trafficking.

When looking at the totality of these circumstances, the officers' testimony that they immediately recognized these items as incriminating is credible. So the discovery and subsequent seizure of the evidence was permissible under the plain view doctrine. The district court, therefore, did not err in denying the defendant's motion to suppress.

B.  *The district court did not err when it instructed the jury regarding the defense of consent.*

Key was convicted of transporting a minor across state lines with the intent that the minor engage in prostitution. At trial, Key's theory of the case was that he drove April to Illinois from Wisconsin without intending for her to engage in prostitution. He presented evidence tending to show that April was in control of her own actions and consented to engage in prostitution.

The court instructed the jury that, to find the defendant guilty, it must find that the government proved each element of the offense beyond a reasonable doubt:

> "1. The defendant knowingly transported April in interstate commerce; and
> 2. April was less than eighteen at the time; and
> 3. The defendant intended that April engage in prostitution."

(R. 161 at 17.) The court then instructed the jury as follows:

> "Whether or not April consented to being transported or to traveling in interstate commerce for the purpose of prostitution, or otherwise voluntarily participated, is irrelevant. The consent or voluntary participation of April to travel to engage in prostitution is not a defense to the charges."

(R. 161 at 23.)

Key challenges the second instruction as an inaccurate summary of the law. *See United States v. Jones*, 808 F.2d 561, 565 (7th Cir. 1986). We disagree. That the minor consents to engaging in prostitution is not a defense to the crime of trafficking a minor for purposes of prostitution. The instruction makes clear that Key should be found guilty of the trafficking

offense even if April consented to engaging in prostitution, so long as Key intended for April to engage in prostitution when he transported her across the border.

That said, we recognize that the jury instruction could have been clearer. If read out of context, the phrase "or otherwise voluntarily participated" is unclear. But when read in connection with the rest of the instruction, we find the instruction is legally accurate. And because Key presented evidence suggesting April voluntarily participated in prostitution, it was reasonable for the district court to try to clarify that her consent to prostitution could not be a defense to the crime charged in this case. Therefore, the district court did not abuse its discretion when giving the instruction.

### III.    CONCLUSION

For the reasons above, we AFFIRM the district court's decision.